IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RAPHEAL MCKINLEY                                           PLAINTIFF

VS.                                                        CIVIL ACTION NO. 4:04CV104N

MISSISSIPPI DEPARTMENT OF
CORRECTIONS, UNKNOWN
MCRAY and CHRISTOPHER EPPS                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter came before the court on the Plaintiff's Motion for Judgment for Failure to Respond to the Judge's Order and his Motion to Compel Defendants to Respond to Order in this conditions of confinement case brought by a prisoner in state custody pursuant to 42 U.S.C. § 1983. Such a case may be screened at any time to determine whether it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A. For the reasons that follow, it appears from the court's review of this case that it fails to state a claim and should be dismissed, with prejudice.

This case was originally filed as a "Petition for an Order to Show Cause" in the Circuit Court of Lauderdale County and removed to this court on June 2, 2004. In that Petition, McKinley complained about the failure of prison officials to completely process, through the Administrative Remedies Program, his appeal of a Rules Violation Report issued on December 13, 2002 at the Kemper Neshoba County Correctional Facility. McKinley claimed that his grievance was accepted into the program on August 14, 2003, and, on August 15, 2003, Sgt. McCray returned his first-step request form in the wrong envelope. McKinley goes on to allege that his third ARP Complaint "was accepted but has been nullified by the fact that the procedure of delivering the appropriate manila envelope was obstructed by St. McCray."

It is difficult to determine from the pleadings the exact nature of McKinley's claim; in other words, whether it is entirely based on a failure to properly process his grievance or whether it is based on the substantive nature of the grievance. Although he indicates that McCray's failure to deliver ARP material in the proper envelope is the primary problem, he states at another point, "Exhibit 3 is my Complaint to this Court." Exhibit 3 relates the events that occurred at Kemper County that were the basis of the issuance of the RVR, which resulted from an assault by McKinley. McKinley never denies the assault, but describes his history as a mental patient on medication prescribed by a psychiatrist at the Central Mississippi Correctional Facility. He goes on to claim:

> Now on or about the 11-25-02 I was given an RVR for assaulting any person, that was said to have happen on the 11-24-02. 11-25-02 I was placed in segregation. Although the 11-24-02 was a Sunday, and on the weekends at K.N.C.R.F. one-zone, which is the only zone on the compound that the windows are boarded up whereas you cannot see in or out. Alone with the lights are off which make it extremely dark on the zone from Saturday 10:00 A.M. until 2:00 P.M. and Sunday 10:00 A.M. until 4:30 P.M. However, the other zones has a officer on post whereas they are able to see or notice any bizarre behavior. But there's no way you can uphold safety and security on E-Zone with the windows boarded up.

After describing his difficulties in segregation, McKinley goes on to state, "There negligence and unreliable staff unprofessional behavior, cruel and unusual punishment, deliberate indifference to serious medical needs, unsafe environment along with lack of security they are responsible for any assault. Apparently, the RVR resulted, not just in confinement in administrative segregation, but also in an arrest warrant on a charge of mayhem. That outstanding charge of a violent offense caused a detainer to be placed in his record, changing his classification and preventing him from being upgraded. McKinley's prayer for relief requests:

> that this Honorable Court grant this Motion so that the defendants can provide a response to the A.R.P. or in the alternative upgrade petitioner to his original custody and provide all the earned time that has been denied to him. Also remove the said Rule Violation for Petitioner's file and restore Petitioner back to his work program.

2

The Defendants' Answers contended that McKinley had failed to exhaust his available remedies through the Administrative Remedies Program.

The completion of that Program became, therefore, the court's preliminary focus, and the Defendants were asked to submit evidence supporting that contention. Specifically, in an Order entered on June 27, 2005, the court outlined the ARP documents before it, which indicated that McKinley had failed to follow up on the First Step Response, after which his case was closed. However, the court concluded that it was not clear whether McKinley had actually received his First Step Response from the program, dated October 15, 2003, so as to enable him to proceed to the Second Step. The Defendants were invited to submit further evidence to support their claim that McKinley failed to exhaust his ARP remedy. Nothing has been submitted that shows that McKinley received that form. Therefore, the court declines to dismiss this case on exhaustion grounds.

The court must, therefore, consider the substance of McKinley's claim regarding the November, 2002, RVR. McKinley argues that his punishment was procedurally improper, as he was not brought before a classification committee, but only a hearing officer. He also charges that the punishment was excessive. He makes his claims under both the Eighth Amendment's protection against cruel and unusual punishment and the Fourteenth Amendment's guarantee of due process. However, the United States Supreme Court has made it clear that prisoners do not have a liberty interest in their custody status that would implicate the Fourteenth Amendment's due process clause. *Sandin v. Conner*, 515 U.S. 472 (1995); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Thus, this court can grant no relief on McKinley's claims that he was improperly classified as a result of the RVR.

Even if the court could consider this claim, it appears that his classification was ultimately upgraded. After inquiry by an officer at the East Mississippi Correctional Facility, where McKinley was later housed, both Kemper County and the City of Atlanta Dismissed assault charges against him. There was some delay in the dismissal due to a Kemper County official's being called up for active duty. However, it appears that McKinley was upgraded in February, 2005, which was after he filed this action.

The only remaining claim that the court can consider is whether the punishment that McKinley received was so excessive as to amount to cruel and unusual punishment, in violation of the Eighth Amendment. The court does not have the actual Rules Violation Report before it and, therefore, is unaware of the details of the incident; however, it was serious enough to result in the issuance of an arrest warrant for mayhem. As stated earlier, McKinley has not denied that the assault occurred. It appears from McKinley's Complaint that he was in administrative segregation from the date that the incident occurred, either November 22 or 23, 2002, until December 10, 2002, a period of less than twenty days. Given the seriousness of the offense, the court is of the opinion that this time period was not so lengthy, nor the loss in privileges so great, as to amount to the "unnecessary and wanton infliction of pain" that could be the basis of an Eighth Amendment claim. *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir. 1998), quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

For these reasons, the court is of the opinion that McKinley's claims cannot afford him relief under 42 U.S.C. § 1983. That being the case, this matter will be dismissed with prejudice.

IT IS, THEREFORE, ORDERED that this matter be dismissed with prejudice. Pursuant to Fed. R. Civ. P. 58, a separate Judgment will be entered.

IT IS SO ORDERED, this the 22nd day of September, 2005.

                                                                           S/Alfred G. Nicols, Jr.
                                           UNITED STATES MAGISTRATE JUDGE